|   |   |
|---|---|
| JOHN HOSKINGS,            ) | 1:10-cv-02288-JLT HC |
|                           ) |   |
|     Petitioner,     ) | ORDER SUMMARILY DISMISSING |
|                           ) | PETITION FOR WRIT OF HABEAS |
|    v.                    ) | CORPUS (Doc. 1) |
|                           ) |   |
|                           ) | ORDER DIRECTING CLERK OF COURT |
| PAT L. VASQUEZ, Warden,   ) | TO ENTER JUDGMENT AND CLOSE CASE |
|                           ) |   |
|     Respondent.     ) | ORDER DECLINING ISSUANCE OF |
|                           ) | CERTIFICATE OF APPEALABILITY |

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On December 20, 2010, Petitioner filed his written consent to the jurisdiction of the United States Magistrate Judge for all purposes. (Doc. 4).

On December 9, 2010, Petitioner filed the instant petition for writ of habeas corpus. (Doc. 1). Petitioner challenges the California court decisions upholding a April 26, 2007 decision by the Governor of the State of California that rescinded a prior grant of parole suitability by the California Board of Parole Hearings ("BPH"). Petitioner claims the Governor's decision violates Petitioner's due process rights because his decision was not supported by "some evidence," as required under California law. (Doc. 1, Attach. A, p. 2).

I. <u>Preliminary Screening of the Petition</u>.

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition

if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th cir. 1990). Habeas Rule 2( c) requires that a petition (1) specify all grounds of relief available to the Petitioner; (2) state the facts supporting each ground; and (3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski, 915 F.2d at 420. Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks, 908 F.2d at 491.

Further, the Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

Here, Petitioner alleges that he is an inmate of Wasco State Prison, Wasco, California, who is serving a sentence of seventeen years-to-life imposed in the Kern County Superior Court after Petitioner's 1984 conviction of second degree murder with use of a firearm. (Doc. 1, p. 3). The BPH found Petitioner suitable for parole at the conclusion of its hearing held on November 27, 2006. (Doc. 1, p. 26). On April 26, 2007, the Governor of California, after reviewing the facts, invoked his authority to reverse the BPH's decision to grant Petitioner parole. (Doc. 1, p. 30). Among the reasons cited by the Governor were Petitioner's history of disciplinary violations in prison, including a 1995 violation for threatening to kill another inmate, Petitioner's criminal history, which includes a conviction for escape, and the circumstances of the original offense. (Id., pp. 31-32). The petition challenges the validity of the April 26, 2007 decision of Governor Arnold Schwarzenegger rescinding the BPH's earlier finding that Petitioner was suitable for parole.
///

   II. <u>Failure to State a Claim Cognizable Under Federal Habeas Corpus</u>

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. <u>Lindh v. Murphy</u>, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on December 9, 2010, and thus, it is subject to the provisions of the AEDPA. Petitioner raises only one ground for relief, i.e., that the Governor's reversal of the BPH finding of parole suitability was not supported by "some evidence."

   A. <u>Substantive Due Process Claims And California's "Some Evidence" Standard</u>

The petition alleges that the Governor's decision to rescind the finding of parole suitability by the BPH was not supported by California's "some evidence" standard. As discussed below, this claim sounds in substantive federal due process and is therefor not cognizable in these proceedings.

The basic scope of habeas corpus is prescribed by statute. Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states that the federal courts shall entertain a petition for writ of habeas corpus only on the ground that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. §§ 2254(a)(, 2241( c)(3); <u>Williams v. Taylor</u>, 529 U.S. 362, 375 n. 7, 120 S.Ct. 1495 (2000); <u>Wilson v. Corcoran</u>, 562 U.S. ___, 131 S.Ct. 13, 16 (2010); <u>see also</u>, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 484 (1973). Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1), (2).

Because California's statutory parole scheme guarantees that prisoners will not be denied

U.S. District Court
E. D. California

3

parole absent some evidence of present dangerousness, the Ninth Circuit Court of Appeals has held that California law creates a liberty interest in parole that may be enforced under the Due Process Clause. Hayward v. Marshall, 602 F.3d 546, 561-563 (9th Cir.2010); Pearson v. Muntz, 606 F.3d 606, 608-609 (9th Cir. 2010); Cooke v. Solis, 606 F.3d 1206, 1213 (2010), *rev'd*, Swarthout v. Cooke, ___ U.S.___, ___ S.Ct. ___, 2011 WL 197627 (Jan. 24, 2011). The Ninth Circuit instructed reviewing federal district courts to determine whether California's application of California's "some evidence" rule was unreasonable or was based on an unreasonable determination of the facts in light of the evidence. Hayward v. Marshall. 603 F.3d at 563; Pearson v. Muntz, 606 F.3d at 608.

On January 24, 2011, the Supreme Court issued a *per curiam* opinion in Swarthout v. Cooke, 562 U.S.___, ___ S.Ct. ___, 2011 WL 197627 (No. 10-133, Jan. 24, 2011). In that decision, the United States Supreme Court characterized as reasonable the decision of the Court of Appeals for the Ninth Circuit that California law creates a liberty interest in parole protected by the Fourteenth Amendment's Due Process Clause, which in turn requires fair procedures with respect to the liberty interest. Swarthout, 2011 WL 197627, *2.

However, the procedures required for a parole determination are the minimal requirements set forth in Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 12, 99 S.Ct. 2100 (1979).[1] Swarthout v. Cooke, 2011 WL 197627, *2. In Swarthout, the Court rejected inmates' claims that they were denied a liberty interest because there was an absence of "some evidence" to support the decision to deny parole. In doing so, the High Court stated as follows:

> There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners. (Citation omitted.) When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication–and federal courts will review the application of those constitutionally required procedures. In the context of parole, we have held that the procedures requires are minimal. In Greenholtz, we found that a prisoner subject to a parole statute similar to California's received adequate process when he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied. (Citation omitted.)

Swarthout, 2011 WL 197627, *2.

---

[1] In Greenholtz, the Court held that a formal hearing is not required with respect to a decision concerning granting or denying discretionary parole and that due process is sufficient to permit the inmate to have an opportunity to be heard and to be given a statement of reasons for the decision made. Id. at 15-16. The decision maker is not required to state the evidence relied upon in coming to the decision. Id.

The Court concluded that the petitioners had received the due process to which they were due:

> They were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied...
>
> That should have been the beginning and the end of the federal habeas courts' inquiry into whether [the petitioners] received due process.

Swarthout, 2011 WL 197627, *3. The Court went on to expressly point out that California's "some evidence" rule is not a substantive federal requirement, and correct application of the State's "some evidence" standard is not required by the federal Due Process Clause. Id. at *3. The Supreme Court emphasized that "the responsibility for assuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California courts, and is no part of the Ninth Circuit's business." Id.

In California, the Governor has the authority to review all decisions of the BPH and all materials provided to the parole authority. Cal. Pen. Code § 3041.2(a). If the Governor "decides to reverse or modify a parole decision of a parole authority pursuant to subdivision (b) of Section 8 of Article V of the Constitution, he or she shall send a written statement to the inmate specifying the reasons for his or her decision." Cal. Pen. Code § 3041.2(b).[2] Under California law, the Governor's discretion is not unfettered and his parole decision must be based upon the same factors that the BPH is required to consider. Cal. Const. art. V, § 8(b); Sanchez v. Kane, 444 F. Supp. 2d 1049 (C.D. Cal. 2006), *affirmed in part, reversed in part* 215 Fed. Appx. 698, 2006 WL 3836135; see In re Prather, 50 Cal.4th 238 (2010); In re Scott, 133 Cal.App.4th 573 (2005). Although the Governor's parole decision must be based on the same factors as those considered by the BPH, the Governor undertakes an independent, de novo review of the parole applicant's suitability for parole; thus the Governor has the discretion to be more stringent or cautious in determining whether a parole applicant poses an

---

[2] Article V, section 8(b) of the California Constitution provides as follows: "No decision of the parole authority of this state with respect to the granting, denial, revocation, or suspension of parole of a person sentenced to an indeterminate term upon conviction of murder shall become effective for a period of 30 days, during which the governor may review the decision subject to procedures provided by statute. The Governor may only affirm, modify, or reverse the decision of the parole authority on the basis of the same factors which the parole authority is required to consider. The Governor shall report to the Legislature each parole decision affirmed, modified, or reversed, stating the pertinent facts and reasons for the action."

unreasonable risk to public safety.  In re Shaputis, 44 Cal.4tgh 1241 (2008).

From the perspective of Swarthout, the Court can find no meaningful distinction between a petition that challenges the BPH's decision as a violation of due process because it is not supported by "some evidence" and a petition challenging the Governor of California's decision to reverse the BPH's decision to grant parole based on a lack of "some evidence."  Swarthout forecloses any claim premised upon California's "some evidence" rule because this Court cannot entertain substantive due process claims related to a State's application of its own laws.  Here, the single ground for relief in the petition sounds entirely in substantive due process and is therefore foreclosed by Swarthout.  Review of the record for "some evidence" to support the Governor's rescission of the BPH findings is not within the scope of this Court's habeas review under 28 U.S.C. § 2254.  Accordingly, that claim should be summarily dismissed.

Moreover, to the extent that this claim rests solely on state law, it is not cognizable on federal habeas corpus.  Federal habeas relief is not available to retry a state issue that does not rise to the level of a federal constitutional violation.  Wilson v. Corcoran, 562 U.S. ___, 131 S.Ct. 13, 16 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475 (1991).  Alleged errors in the application of state law are not cognizable in feeral habeas corpus.  Souch v. Schiavo, 289 F.3d 616, 623 (9th Cir. 2002).  Indeed, federal courts are bound by state court rulings on questions of state law. Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir.), *cert. denied*, 493 U.S. 942 (1989).

B.  Procedural Due Process

Petitioner has neither claimed nor established a violation of his federal right to procedural due process.  Petitioner has included an excerpt of the transcript of the BPH hearing and a copy of the Governor's order rescinding the BPH's decision.  From those documents, it is clear that Petitioner was present at the BPH hearing, that he had an opportunity to be heard, and that he was represented by counsel, who also attended the hearing, and argued on Petitioner's behalf.  Petitioner received a statement of the Board's reasons for recommending parole.  (Doc. 1, pp. 16-28).  Further, after the Governor reviewed the materials and decisions, Petitioner received the Governor's statement of reasons for rescinding the BPH's decision.  (Doc. 1, *pp. 31-32).]

According to the United States Supreme Court, this is "the beginning and the end of the

federal habeas courts' inquiry into whether [the prisoner] received due process." Swarthout, 2011 WL 197627. "The Constitution does not require more [process]." Greenholtz, 442 U.S. at 16. Therefore, the instant petition does not present cognizable claims for relief and must be summarily dismissed.

Moreover, the Court declines to issue a certificate of appealability. A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)   (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>        (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>        (B) the final order in a proceeding under section 2255.
>
>    (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
>    (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby DECLINES to issue a certificate of appealability.]

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) The petition for writ of habeas corpus (Doc. 1), is SUMMARILY DISMISSED with prejudice;

2) The Clerk of Court is DIRECTED to enter judgment and close the case; and

3) The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:  **February 16, 2011**             /s/ Jennifer L. Thurston
                                       UNITED STATES MAGISTRATE JUDGE